**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANTHONY R. HUGHES,      )   | |
|                         )   | |
|     Petitioner,         )   | |
|                         )   | |
|     v.                  )   | Case No. 05-1103 |
|                         )   | |
| UNITED STATES OF AMERICA, ) | |
|                         )   | |
|     Respondent.         )   | |

**O R D E R**

Before the Court is Anthony Hughes' Notice of Appeal [Doc. # 4], which the Court will construe as a Motion for Certificate of Appealability. For the reasons that follow, the motion will be denied.

Petitioner has filed a notice of appeal regarding the Court's denial of his § 2255 motion. However, in order for a petitioner to appeal the denial of his § 2255 motion, the district court must first issue a certificate of appealabilty. Accordingly, the Court construes Petitioner's notice of appeal as a motion for certificate of appealability.

A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, the certificate of appealability must "indicate which specific issue or issues satisfy the showing required." 28 U.S.C. § 2253(c)(3).

Petitioner's Notice of Appeal does not satisfy either of these requirements because it does not indicate which specific issue or

issues satisfy the showing that Petitioner has been denied a constitutional right. Furthermore, even if the Court assumes Petitioner's constitutional arguments will be the same as those made in his original petition, Petitioner would still not be entitled to a certificate of appealability.

In his most recent § 2255 motion, Hughes attempted to challenge his 1996 sentence (imposed in the Eastern District of Wisconsin) based on <u>United States v. Booker</u>, Nos. 04-104 and 04-105, 2005 WL 50108 (U.S. Jan. 12, 2005). However, as previously held in the Court's Order dated March 31, 2005, the Seventh Circuit has found challenges such as Petitioner's are premature considering the Supreme Court has not made the rule announced in <u>Booker</u> retroactive. <u>See</u> <u>Simpson v. United States</u>, 376 F.3d 679, 681-82 (7th Cir. 2004).

Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a certificate of appealability for Petitioner's § 2255 Motion. Accordingly, Petitioner is denied a certificate of appealability.

ENTERED this  7th  day of June, 2005.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                         United States District Judge